I concur in the majority opinion in all respects except as to that aspect of the opinion that holds that the punitive damages award in this case does not violate the due process clause of the Fourteenth Amendment to the United States Constitution.
While I personally agree with Justice O'Connor that the "excessive fines clause" of the Eighth Amendment should be applicable in civil cases,[1] I recognize that the Supreme Court of the United States, in Browning-Ferris Indus. of Vermont,Inc. v. Kelco Disposal, Inc., ___ U.S. ___, 109 S.Ct. 2909,106 L.Ed.2d 219 (1989), has held otherwise. I think that the United States Supreme Court, in Kelco, while holding that the excessive fines clause of the Eighth Amendment is inapplicable to a punitive damages award in a civil case,[2] nevertheless left the door open for a challenge under the federal constitution's due process clause. In fact, in Kelco, all nine Justices expressed some concern with unrestrained punitive damages awards, and as I read Kelco, the Court may consider a challenge to an award that is properly presented and argued under the due process clause of the Fourteenth Amendment.[3]
During the last few years, individual Justices of the Supreme Court of the United States have expressed concern about "windfall recoveries which may be both unpredictable and, at times, substantial";[4] "juries [that] assess punitive damages in wholly unpredictable amounts bearing no necessary relation to the actual harm caused";[5] and awards based upon a jury's "wholly standardless discretion to determine the severity of punishment."[6]
In Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813,106 S.Ct. 1580, 89 L.Ed.2d 823 (1986), a case which was appealed from this Court, the Court noted that the argument "that the lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process Clause of theFourteenth Amendment" raised important issues that "in an appropriate setting, must be resolved." 475 U.S. at 828-29,106 S.Ct. at 1589.
While the view I expressed in my dissent in IndustrialChemical Fiberglass Corp. was not sustained in Kelco, I take heart that ultimately, when the due process issue is properly presented to the United States Supreme Court, that Court will hold that giving a jury a "standardless discretion" to award punitive damages in a civil case violates the due process clause of the Fourteenth Amendment. *Page 545 
While I applaud the procedure this Court has adopted to review and revise the jury's decision based on its "standardless discretion,"[7] I cannot believe that procedure is sufficient to accord to litigants all the due process protection the Constitution envisions.[8]
Because I believe that the award of punitive damages in this case violates the defendant's due process rights under theFourteenth Amendment, I must respectfully dissent as to that portion of the majority's opinion.
STEAGALL, J., concurs.
[1] See my dissenting opinion in Industrial Chemical FiberglassCorp. v. Chandler, [Ms. 86-381 86-385, September 30, 1988, after remand, January 16, 1989] 547 So.2d 812 (Ala. 1988).
[2] The Court's majority opinion, written by Justice Blackmun, said that the Eighth Amendment's excessive fines clause did not apply to punitive damages awards in civil suits between private parties, because "the primary focus of the Eighth Amendment was the potential for governmental abuse of its 'prosecutorial' power, not concern with the extent or purposes of civil damages." ___ U.S. at ___, 109 S.Ct. at 2915.
[3] In Kelco, the Court found that the due process issue had not been sufficiently raised for the Court to consider it, but the Court did note: "[W]e have never addressed the precise question presented here: whether due process acts as a check on undue jury discretion to award punitive damages in the absence of any express statutory limit. . . . That inquiry must await another day." ___ U.S. at ___, 109 S.Ct. at 2921. Justice Blackmun stated: "There is some authority in our opinions for the view that the Due Process Clause places outer limits on the size of a civil damages award." Id.
In Kelco, in a separate concurring opinion in which Justice Marshall joined, Justice Brennan suggested that the due process issue could be raised: "I join the Court's opinion on the understanding that it leaves the door open for a holding that the Due Process Clause constrains the imposition of punitive damages in civil cases brought by private parties." ___ U.S. at ___, 109 S.Ct. at 2923.
[4] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270-71,101 S.Ct. 2748, 2761-62, 69 L.Ed.2d 616 (1981).
[5] Gertz v. Welch, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012,41 L.Ed.2d 789 (1974).
[6] Bankers Life Cas. Co. v. Crenshaw, 486 U.S. 71, 89,108 S.Ct. 1645, 1656, 100 L.Ed.2d 62 (1988) (O'Connor, J., concurring in part and concurring in the judgment).
[7] Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986); Harmonv. Motors Ins. Corp., 493 So.2d 1370 (Ala. 1986); Alabama FarmBureau Mut. Cas. Ins. Co. v. Griffin, 493 So.2d 1379 (Ala. 1986).
[8] In various special concurrences and dissents, I have expressed the view that punitive damages awarded in wrongful death cases are in a different category from punitive damages awarded in other cases. See Alabama Power Co. v. Cantrell, 507 So.2d 1295,1306 (Ala. 1986), appeal dismissed, 486 U.S. 1028,108 S.Ct. 2008, 100 L.Ed.2d 596 (1988); Industrial Chemical, supra.
The Legislature, in placing a "cap" on the award of punitive damages in all cases other than wrongful death cases (except, of course, the $1,000,000 cap in the Medical Liability Act) has essentially recognized the distinction that I have made and do make.